**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DESIREE MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-1168-G |
| | ) |
| DAVID LOTHEN et al., | ) |
| | ) |
|     Defendants. | ) |

## <u>ORDER</u>

Now before the Court is Plaintiff Desiree Moore's Motion (Doc. No. 28), seeking a finding that Defendants David Lothen and Andi Wade did not comply with an Order of the Court.  Defendants have filed a Response (Doc. No. 29).[1]

### I.    *Background*

On May 11, 2026, this matter was set for a June 3, 2026 status and scheduling conference.  *See* Docket of May 11, 2026 (Doc. No. 26).  The parties were directed to file a joint status report and discovery plan (or "JSR") no later than May 27, 2026.  *See id.* at 1.  The parties were also directed to email their contact information to the Court by May 29, 2026, to enable the Court to contact them for the conference.  *See id.*  The Docket advised:  "Compliance with Federal Rules of Civil Procedure 16, 26(a)(1), and 26(f) and Local Civil Rule 16.1 (W.D. Okla.) will be strictly enforced."  *Id.*

---

[1] The parties are reminded that in addition to appropriately labeling each exhibit, a "description of the numbered exhibit must be provided in the docket entry (*e.g.*, Exhibit 15: January 2004 Contract)."  *ECF Policies & Procs. Manual* § II(A)(4)(a).

On May 27, 2026, Defendants filed a Proposed Joint Status Report and Discovery Plan ("Defs.' Proposed JSR," Doc. No. 27). In the Proposed JSR, counsel for Defendants represent that they reached out on May 26, 2026, to Plaintiff, who is appearing pro se, to initiate the discovery planning conference. *See id.* at 1 n.1. According to Defendants, Plaintiff and Defendants' counsel communicated by email and phone on May 26 and 27, 2026, and several draft JSRs were exchanged by email. *See id.* Counsel for Defendants state that while they were able to agree regarding portions of the report, the parties did not reach agreement or discuss other portions. *See id.* Plaintiff was not able to review portions of Defendants' Proposed JSR prior to its submission. *Id.*

In her Motion, Plaintiff argues that Defendants did not comply with the Court's Docket instructions. *See* Pl.'s Mot. at 1-2. Plaintiff states that she sent her phone number to the Court but counsel for Defendants did not contact her until the day before the report was due. *See id.* at 1. According to Plaintiff, during their conversations, Defendants' counsel did not attempt to have the discovery planning conference but instead disagreed about portions of the report that Plaintiff had drafted. *See id.* at 2. Plaintiff requests a finding that counsel for Defendants used "underhanded tactics," specifically waiting until the last day to contact her and filing an "altered Joint Status Report form," to keep Plaintiff from complying with the Court's directive. *Id.* Plaintiff attached her own Joint Status Report to the Motion. *See* Pl.'s Mot. Ex. 1 ("Pl.'s JSR," Doc. No. 28-1).

Defendants respond with further details about their communications with Plaintiff and state that they did not receive Plaintiff's phone number because it was sent to the Court and that they did attempt to discuss the discovery plan with Plaintiff by phone. *See* Defs.'

2

Resp. at 1-4. Defendants object that they did comply with the Court's Order and ask that Plaintiff's Motion be denied. *See id.* at 4.

On June 3, 2026, the Court held a telephonic status and scheduling conference. In attendance were Plaintiff and, appearing for Defendants, attorneys Jacy C. Sullivan and Lauren J. Ray.

## II.    Relevant Standards

Federal Rule of Civil Procedure 26 requires that the parties hold a conference to confer about certain topics prescribed by Rule 26 and "develop a proposed discovery plan" prior to the Court conducting a status and scheduling conference pursuant to Rule 16. Fed. R. Civ. P. 26(f)(2); *see also id.* R. 16(b)(1)(A), 26(f)(1); LCvR 16.1(a)(1). The Court's Local Civil Rules provide additional requirements for the parties' initial conference:

> [C]ounsel with authority to make appropriate decisions and any unrepresented parties shall confer, including as required by Fed. R. Civ. P. 26(f)(1), to discuss the issues set forth in: (A) Fed. R. Civ. P. 26(f)(2) and (3); (B) the form Joint Status Report and Discovery Plan provided as Appendix II to these rules; and (C) the form Scheduling Order provided as Appendix III to these rules, or, alternatively, any specialized scheduling order to be requested by the parties.

LCvR 16.1(a)(1). In addition:

> **Preparation and Submission of Joint Status Report and Discovery Plan.** It shall be the duty of the plaintiff to arrange the preparation and filing of a Joint Status Report and Discovery Plan, following the form provided as Appendix II, and the duty of all other parties to jointly participate in the preparation of that document and ensure its filing. Unless otherwise ordered by the court, the parties shall prepare, sign jointly, and file as a single document their Joint Status Report and Discovery Plan with the clerk of the court not later than 7 days prior to the status and scheduling conference.

*Id.* R. 16.1(a)(2); *see also id.* R. 26.1 ("The discovery plan required by Fed. R. Civ. P. 26(f)

shall be included in the Joint Status Report and Discovery Plan referenced in LCvR16.1.").

Pro se parties are required to "follow the same rules of procedure that govern other

litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks

omitted).

III.    Discussion

As is plain from the Local Rules detailed above, the parties were responsible for

conferring sufficiently in advance of the May 27, 2026 deadline to allow the joint status

report and discovery plan to be prepared and filed on that date. *See* LCvR 16.1(a)(2); Fed.

R. Civ. P. 26(f)(1), (2). While this is a shared responsibility for plaintiffs and defendants,

the Local Rules place on the plaintiff the extra obligation to "arrange" the preparation and

filing of the required material. *See* LCvR 16.1(a)(2).

The emails and phone calls exchanged by Plaintiff and counsel for Defendants

indicate that both sides were attempting to fulfill their obligations prior to the deadline and

that these efforts were hampered by misaligned schedules and technology issues. *See*

Defs.' Resp. Ex. 4 (Doc. No. 29-4). The record also reflects that the parties did not in fact

fulfill their obligations. For that reason, the Court during the June 3, 2026 telephonic

conference reset the status conference for July 2026 and directed the parties to confer and

file a joint status report and discovery plan in advance of the revised deadline.

As to Plaintiff's Motion, the Court rejects the accusation that Defendants' counsel

engaged in underhanded, deceptive, or dishonest tactics. The record reflects that the failure

to fulfill the obligations set forth in the Local Rules is the result of less-than-diligent efforts

from both sides.  Although Plaintiff is pro se, she was—and is—obligated to comply with the relevant rules of procedure.  In this instance, that means that Plaintiff should have directly communicated with Defendants' counsel to arrange the conference required by Local Civil Rule 16.1(a)(1).  Sending contact information to the Court, *see* Pl.'s Mot. Ex. 3 (Doc. No. 28-3), did not meet that obligation.  On the other hand, Defendants' counsel— who were aware that Plaintiff is pro se and had no experience with discovery conferences or joint status reports—should have expected that additional time and effort would be required and taken that into account when working to meet joint obligations.

CONCLUSION

The Court ORDERS as follows:

- As contemplated during the June 3, 2026 status conference, the matter has been reset for a status conference in July 2026.  The June 4, 2026 Docket order provides the revised date and time for the conference as well as the revised deadline for submission of the joint status report and discovery plan.  *See* Docket of June 4, 2026 (Doc. No. 30).

- In advance of that deadline, Plaintiff and counsel for Defendants shall meet, either personally or telephonically, to confer as required by Local Civil Rule 16.1(a)(1) and to complete a joint status report and discovery plan for submission to the Court.

- Plaintiff's Motion (Doc. No. 28) is DENIED.

IT IS SO ORDERED this 16th day of June, 2026.

CHARLES B. GOODWIN
United States District Judge